1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

ADRIAN D. HUNTER,

        Petitioner

      v.

WARREN L. MONTGOMERY,

        Respondent.

Case No. CV 15-1077-ODW (GJS)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

17      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and

18  all pleadings, motions, and other documents filed in this action, the Report and

19  Recommendation of United States Magistrate Judge ("Report"), and Petitioner's

20  Objection to the Report.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P.

21  72(b), the Court has conducted a de novo review of those portions of the Report to

22  which objections have been stated.

23      In his Objections, Petitioner has made new assertions and attached documents

24  not previously presented in this action or in connection with the issues addressed by

25  the Report.  A district court has discretion, but is not required, to consider evidence

26  or arguments presented for the first time in objections to a report and

27  recommendation.  *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002); *United*

28  *States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).  The Court has exercised its

1   discretion to consider these new assertions and new evidence, but concludes that

2   they do not affect or alter the analysis and conclusions set forth in the Report.  In

3   particular, they fail to explain or justify Petitioner's lengthy delay and lack of

4   diligence in presenting already-formulated claims to this Court once the state high

5   court denied relief based on such claims, much less to demonstrate the requisite

6   external obstacle to timely filing constituting an extraordinary circumstance.

7   Petitioner's new arguments and evidence are insufficient to meet his burden of

8   demonstrating an entitlement to equitable tolling.  *See Pace v. DiGuglielmo*, 125 S.

9   Ct. 1807, 1814-15 (2005) (a petitioner asserting a right to equitable tolling bears the

10  burden of establishing both elements of the doctrine); *see also Menominee Indian*

11  *Tribe of Wis. v. United States*, 2016 WL 280759, at *4 (U.S. Jan. 25, 2016) (No. 15-

12  510) (confirming the nature of the two equitable tolling requirements and their

13  distinct nature) .

14      Having completed its review, the Court accepts the findings and

15  recommendations set forth in the Report.  Accordingly, **IT IS ORDERED** that: (1)

16  Respondent's motion to dismiss filed on June 17, 2015 is GRANTED; and (2) the

17  Petition is dismissed with prejudice as untimely.

18      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

19

20  DATE: _February 1, 2016        _____

21                                 OTIS D. WRIGHT II
                                   UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28